IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRY G. SCHMIDT, JR.,

           Petitioner,

                                                            ORDER

v.

                                                            16-cv-31-wmc

STATE OF WISCONSIN,

           Respondent.

---

      Harry Schmidt has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges a judgment convicting him of first-degree sexual assault of a child under the age of thirteen, and child enticement, entered on September 17, 2007, by the Circuit Court for Juneau County in case no. 05CF258. He has paid the $5 filing fee, so his petition is ready for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition.

      Schmidt's petition has several problems. First, Schmidt does not clearly identify the grounds on which he seeks to challenge his conviction. He states, without any elaboration, that he is challenging his conviction and sentence on the following grounds: (1) "ineffective assistance"; (2) "no DNA"; (3) "Dr. Hauer's report"; (4) "sentencing guideline"; (5) "my aunt lied to me"; and (6) "I was wrongfully convicted." This court can grant a petition under § 2254 only if the petitioner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." Schmidt's vague statements are not be a sufficient basis on which this court could find that he is in custody in violation of the Constitution or federal law.

1

A review of Wisconsin's online court records provides some clarification regarding the claims Schmidt might be attempting to raise. After he was convicted and sentenced, Schmidt filed a motion for post-conviction relief in the circuit court raising two arguments. First, he argued that his counsel was ineffective for submitting to the court at sentencing the report of a psychologist, Dr. Hauer, who had been retained by defense counsel but who ultimately had concluded that he could identify no psychological characteristics that should mitigate Schmidt's sentence. *See State v. Schmidt*, 2009AP108-CR (Ct. App. April 29, 2010). Second, Schmidt appealed the circuit court's failure to state at the sentencing hearing that it had considered the sentencing guidelines. *Id.* at 3. Presumably, Schmidt's statements in his habeas petition regarding "ineffective assistance," "Dr. Hauer's report," and "sentencing guideline" are referring to the same arguments raised in his post-conviction motion.

Assuming that my presumption is correct, then Schmidt's petition has a second problem. It appears that Schmidt has failed to exhaust his state court remedies with respect to any other claim he seeks to assert, namely, claims relating to DNA, his aunt, and his unspecific claim of "wrongful conviction." Before a federal court may consider the merits of a state habeas petitioner's claims, the petitioner must exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). There is nothing in Wisconsin's online court records, or in Schmidt's petition, suggesting that Schmidt filed any appeal or post-conviction challenge raising claims relating to DNA, his aunt or wrongful conviction.

The next question is whether a petitioner still has avenues of relief with respect to these claims that he can pursue in the state courts. Schmidt might be able to raise these challenges in a petition under Wis. Stat. § 974.06(1), which permits a defendant to challenge a sentence

2

"upon the ground that the sentence was imposed in violation of the U.S. Constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." However, Schmidt would be procedurally barred from raising claims in a § 974.06 post-conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994). Newly discovered evidence or the unforeseen effect of subsequent law may provide such a sufficient reason. *See id*. at 182 n.11, 517 N.W.2d at 162. Ineffective assistance of post-conviction counsel may also provide a sufficient reason. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996). Accordingly, because avenues of relief may be available to Schmidt in the state courts on these claims, these claims are not exhausted.

When a petition contains both exhausted and unexhausted claims–as is the situation in this case– federal courts generally dismiss the case without prejudice to allow the state prisoner to return to the state courts with his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Alternatively, a petitioner can amend the petition to delete the unexhausted claims. *Id*. at 521. Either option would be pointless in this situation, however, because Schmidt's petition suffers from another problem: he waited too long to file it. Petitions brought under § 2254 have a one-year statute of limitations that begins to run from the date on which the judgment of conviction is final. That deadline may be extended if the state prevented the petitioner from filing earlier, or if the Supreme Court has recognized a new constitutional right, or if the petitioner has discovered new facts supporting his claim, but petitioner does not allege that any of those things apply to his case. 28 U.S.C. § 2244(d)(1)(B)-(D).

According to the petition and to electronic court records, Schmidt was sentenced on September 17, 2007. His counsel filed a motion for post-conviction relief in the circuit court and later appealed denial of the motion to the Wisconsin Court of Appeals. The Wisconsin Court of Appeals affirmed denial of the motion on April 29, 2010, and the Wisconsin Supreme Court denied a petition for review on January 18, 2011. Schmidt then had 90 days, or until April 21, 2011, in which to petition the United States Supreme Court to hear his case. It is not clear from Schmidt's habeas petition whether he filed such a petition for review. If he did file such a petition, then his conviction became final on the date the Supreme Court denied his petition for certiorari. If he did not file such a petition, then his conviction became final on April 21, 2011. (The time during which a petitioner can petition the United States Supreme Court for a writ of certiorari is included as "time for seeking such review" under § 2244(d)(1)(A) even if he does not file such a petition. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).) Schmidt's one-year clock for filing a federal habeas petition would have began running the next day, April 22, 2011, and would have expired one year later, on April 21, 2012. Schmidt did not file his habeas petition until January 13, 2016. Assuming he did not file a petition for review with the United States Supreme Court, his petition is over three years too late and is plainly untimely under § 2244(d)(1)(A).[1]

An untimely petition may be salvaged if grounds exist to equitably toll the limitation period. Equitable tolling, however, is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

---

[1] Even if Schmidt filed a petition with the United States Supreme Court, it is highly likely that the Supreme Court denied that petition more than one year before he filed his habeas petition in this court. If this is not accurate, then Schmidt should file a supplement to his petition stating exactly when he filed a petition for certiorari and the date on which that petition was denied.

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

Here, Schmidt provides no reason why he failed to file his federal habeas petition within the one-year deadline. That being said, the Supreme Court has cautioned that before a court may dismiss a habeas petition based on the statute of limitations, the court must give the petitioner fair notice and provide him with an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Accordingly, I will allow Schmidt to supplement his pleadings and to show cause why his claims are not barred from federal review by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1). His response will be forwarded to the presiding judge for review.

ORDER

IT IS ORDERED that:

(1) Not later than **May 3, 2016**, petitioner Harry G. Schmidt is directed to show cause why his petition should not be dismissed as barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1).

(2) Schmidt should label this document a "Supplement to Petition for a Writ of Habeas Corpus under § 2254" and he should be sure to declare that any statements he makes in the supplement are made under penalty of perjury. 28 U.S.C. § 2242.

(3) If Schmidt does not submit a Supplement as directed in this order by April 28, 2016, then the presiding judge will review this case for dismissal under Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 12th day of April, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

5