IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRY G. SCHMIDT,

                Petitioner,                              OPINION and ORDER

v.

                                                           16-cv-31-wmc

STATE OF WISCONSIN,

                Respondent.

---

In an order dated April 12, 2016, the court directed petitioner Harry Schmidt to supplement his petition for a writ of habeas corpus under 28 U.S.C. § 2254 with information showing why his petition should not be dismissed as untimely. (Dkt. #8.) As explained in the order, a petition brought under § 2254 has a one-year statute of limitations that begins to run from the date on which the judgment of conviction is final. 28 U.S.C. § 2244(d)(1). Schmidt's judgment of conviction became final on April 21, 2011, his one-year clock for filing a federal habeas petition began running the next day, April 22, 2011, and expired on April 21, 2012. Schmidt did not file his habeas petition until January 13, 2016, more than three years too late.

The one-year deadline may be tolled under the doctrine of equitable tolling, however, if a petitioner can show that (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). In his response to the April 12 order, Schmidt argues that his petition should not be dismissed because: (1) the reason he did not file his petition on time was because the prison was on lockdown on April 21, 2012, the date it was due; and (2) after he missed

1

that deadline, he thought the court would reject any petition he filed until recently, when another inmate encouraged him to file.

Unfortunately for Schmidt, these arguments are not sufficient to invoke the extraordinary remedy of equitable tolling. Even if the court assumes that the prison lockdown prevented Schmidt from filing on the April 21, 2012, deadline, Schmidt has provided no good explanation for his failure to act diligently and file his petition immediately after the prison lockdown ended. Although Schmidt may have believed that it was too late, Schmidt should have attempted to take advantage of the doctrine of equitable tolling at the time. Now, three years later, it is too late. The court is sympathetic to Schmidt's situation and understands that it can be difficult to understand the filing requirements and deadlines, but his lack of familiarity with the law is not a circumstance that justifies equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). Here, Schmidt has shown no basis for tolling the one-year habeas deadline. Because he did not present his habeas petition within one year after his petition became final, it is time-barred under § 2244(d)(1)(A).

The only matter remaining for discussion is whether to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If a district court has rejected a petitioner's constitutional claims on the merits, then "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Each showing is a threshold inquiry; thus, the court need address only one component if that particular showing will resolve the issue. *Id.* at 485.

This petition should not proceed further. No reasonable jurist would disagree that Schmidt's petition is untimely and that he has failed to show that equitable tolling should apply. Therefore, Schmidt is not entitled to a certificate of appealability.

ORDER

IT IS ORDERED THAT:

1) The federal habeas corpus petition filed by petitioner Harry Schmidt is DENIED and this case is DISMISSED with prejudice.

2) A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 7th day of March, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge